## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Ennie Ray McGlown, Jr, | ) | CASE NO. 3:10 CV 2182 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ed Sheldon, Warden, | ) | Memorandum of Opinion and Order |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Limbert (Doc. 13) recommending dismissal of the pending Petition for Writ of *Habeas Corpus*.  For the following reasons, the Report and Recommendation is ACCEPTED.

### Introduction

Petitioner, Ennie Ray McGlown**,** Jr., commenced this action with the filing of a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed.  Petitioner has filed Objections to the Report and Recommendation.

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3), the district court reviews *de novo* "any part of [a] magistrate's judge disposition that has been properly objected to."   "The district judge may

1

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

### Discussion

Petitioner was convicted by a jury in Lucas County, Ohio of one count of gross sexual imposition of a child under the age of thirteen in violation of Ohio Rev. Code § 2907.05(A)(4) and six counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2).  As set forth in the opinion of the Ohio Court of Appeals, the victims in the case were children of petitioner's wife who lived with petitioner, their mother, and other extended family members in Toledo, Ohio for an extended period of time.  The victims testified that petitioner molested them and forced them to engage in sexual acts with him over a period of years.

Petitioner was sentenced by the state trial court to a term of imprisonment of three years on the first count and six years on each of the remaining counts.

In his *habeas* petition, petitioner raises four grounds for relief:

1.  Petitioner's Constitutional Rights to Due Process under the United States Constitution was violated when, the trial court prejudicially permits testimony of an unqualified expert witness.

2.  Petitioner's Rights to a fair trial and Due Process under the Constitution of the United States, was violated when a prosecutor commits prosecutorial misconduct by interjecting its opinion about a victim to sustain a guilty verdict.

3.  Petitioner was denied the right to effective assistance of appellate counsel on his direct appeal, when the record demonstrated that due process of law occurred when trial counsel's failure to challenge the sufficiency of the indictment. Violations of the Sixth and Fourteenth Amendments of the United States Constitution.

4.  Petitioner was denied his right to effective assistance of appellate counsel on his direct appeal, when the record demonstrated that due process of law violation occurred when the State of Ohio fail[e]d to produce sufficient, substantial, competent, reliable evidence of all offense(s) charged in the indictment. Violations of the Sixth and Fourteenth Amendments of the United States Constitution.

The Magistrate Judge found all of the grounds asserted by petitioner insufficient to support the writ.  With respect to the first ground, the Magistrate Judge found that petitioner's constitutional due process were not violated by the trial court's allowance of testimony by Detective Regina Lester.  The Magistrate reasoned in his R&R:

> While it is true that the state did not offer Detective Lester's testimony as expert testimony, the trial court ultimately permitted her to testify on a matter beyond the knowledge or experience possessed by lay persons, for which she relied upon her own specialized knowledge of the subject mater.  Even though her testimony was ultimately characterized as expert testimony by the Sixth District, the foregoing facts do not demonstrate a constitutional violation.  Petitioner has not identified a United States Supreme Court case on similar facts.  Furthermore, as the Sixth District correctly observed, Detective Lester limited her testimony to her previous experience with child rape victims, and never expressed an opinion about the veracity of the rape and gross sexual imposition victims in the above-captioned case.  Accordingly, Ground One should be dismissed.

(R&R at 19.)

In the second ground, petitioner contends his constitutional due process rights were violated by misconduct by the prosecutor.  During his closing argument, the prosecutor argued: "Oh, Mr. Geller points out to you that [the victim] was depressed.  If you had been raped for three years would you be depressed?  I would be depressed."  Petitioner's counsel objected to the prosecutor's statement, and the trial court sustained the objection.  Petitioner argued on appeal that the prosecutor improperly vouched for the credibility of the victims.  The Ohio Court of Appeals found that petitioner's right to a fair trial was not violated by the prosecutor's comment. The Ohio Court of Appeals ruled:

3

> Prosecutors generally are entitled to considerable latitude in opening and closing statements. . . . Prosecutors may not, however, invade the realm of the jury by rendering their personal beliefs regarding guilt and credibility, or alluding to matters outside of the record.  Nevertheless, since isolated instances of prosecutorial misconduct are usually harmless, any alleged misconduct in the closing argument must be viewed within the context of the entire trial to determine if any prejudice has occurred.  To determine if the alleged misconduct resulted in prejudice, an appellate court should consider the following factors: '(1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant.'
>
> While we recognize that the prosecutor improperly expressed his personal beliefs regarding guilt and credibility through the comment at issue, we cannot say, upon reviewing the prosecutor's closing argument as a whole, that appellant's right to a fair trial was prejudicially affected.  Appellant's trial counsel promptly objected to the comment and the trial court sustained the objection.  Moreover, the evidence against appellant, through the testimony of the two victims, was compelling.  The third assignment of error is not well-taken.

*State v. McGlown*, Case No. 07-1163, 2009 WL 1263173, at *1 (Lucas Cty. May 8, 2009)

(citations omitted).

The Magistrate Judge found that Ohio Court of Appeals reasonably applied the

applicable federal standard.  The Magistrate Judge reasoned:

> Courts apply a "two-part test to determine whether the state court reasonably applied the federal standard in holding that prosecutorial misconduct did not render [the] trial fundamentally unfair."  *Irick v. Bell*, 565 F.3d 315, 324 (6th Cir. 2009).  The Court must first determine whether the prosecution's conduct was improper.  *Id.*  Second, the Court must determine whether that improper conduct was flagrant by considering four factors:  (1) whether the evidence against the defendant was strong; (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant; (3) whether the conduct of remarks were isolated or extensive; and (4) whether the remarks were made deliberately or accidentally. . . .
>
> The [Ohio Court of Appeals] correctly observed that although [the] prosecutor's comments were improper, they were by no means flagrant.  Although the comment was made deliberately, it neither mislead the jury nor prejudiced the defendant, and the comment was isolated rather than extensive.  Furthermore, trial counsel objected to the prosecutor's statement and the trial court sustained the

4

objection.  Moreover, the victims provided compelling and detailed testimony regarding Petitioner's abuse.  As a consequence, the evidence against Petitioner was strong.  Therefore, the undersigned recommends that the Court conclude that Ground Two does not have merit.

(R& R at 19-21.)

Finally, the Magistrate Judge found petitioner's challenges asserted in grounds three and four procedurally barred because petitioner raised them for the first time in a motion to reopen his appeal and he did not file a timely appeal of the denial of this motion to the Ohio Supreme Court.

Petitioner objects only with respect to the Magistrate Judge's recommended ruling as to ground two.  Petitioner asserts that, contrary to the Magistrate Judge's determination, his constitutional rights to due process and a fair trial were violated by the prosecutor's comments during closing arguments.  Petitioner argues that the prosecutor's comments were "flagrant" and "extensive in nature" and that the other evidence against him in the case was weak.

The Court, however, agrees with the Magistrate Judge that the Ohio Court of Appeals reasonably applied federal law in finding that the prosecutor's comments did not violate petitioner's constitutional rights.  The Court agrees with the Magistrate Judge that the Ohio Court of Appeals reasonably applied the federal standard, as set forth by Sixth Circuit in *Irick V. Bell*, 565 F.3d 315.  Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge and denies the Petition for Writ of *Habeas Corpus*.

Petitioner also requests that the Court him grant a certificate of appealability as to ground two.  (Doc. 17.)   A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  In order for a *habeas corpus* petitioner who has been denied relief on the merits to obtain a certificate of

5

appealability, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Dillard v. Burt*, 194 Fed. Appx. 365, 368 (6ᵗʰ Cir. 2006) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Petitioner has not demonstrated that reasonable jurists could find the Magistrate Judge's determination of his constitutional claim asserted in ground two (and accepted by this Court) to be debatable or wrong.  Accordingly, petitioner's request for a certificate of appealability is denied.

**Conclusion**

For the reasons stated above and the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of *Habeas Corpus* is denied.  Petitioner's application for a certificate of appealability is also denied.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/22/12

6